# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Sean Darnell Nelson, ) | Civil Action No. 2:22-cv-1418 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| R.J. Reynolds Tobacco Company, Inc., ) | |
| Brown & Williamson Tobacco Corporation, ) | |
| Lorillard Tobacco Company, ) | |
| Phillip Morris U.S.A., Inc. ) | |
| ) | |
| ) | |
| Defendants. ) | |

This is an action filed by Sean Darnell Nelson, a state prisoner, asserting claims for (1) intentional fraud; (2) intentional fraudulent misrepresentation; (3) fraud in the inducement; (4) civil conspiracy to commit fraud; (5) negligent failure to warn; (6) negligence/gross negligence; and (7) radio, television, and wire fraud against R.J. Reynolds Tobacco Company, Inc., Brown & Williamson Tobacco Corporation, Lorillard Tobacco Company, and Phillip Morris U.S.A., Inc. (*Id.*). Plaintiff alleges his parents smoked cigarettes when he was born and he began smoking at a young age and stopped in 2008 when the South Carolina Department of Corrections became a non-smoking facility. (*Id.* at 6-7, 38-39). Plaintiff alleges Defendants advertised that it was safe to smoke cigarettes.

On August 12, 2022, the Court entered an Order informing Plaintiff his complaint was subject to dismissal based on pleading deficiencies as drafted and gave Plaintiff an opportunity to file an amended complaint to correct the deficiencies. (Dkt. No. 20). Plaintiff was informed that failure to file an amended complaint or cure the deficiencies outlined in the order would result in

1

a recommendation that his claims be dismissed. (*Id.* at 23-24). Plaintiff failed to file an amended complaint.

On September 13, 2022, the Magistrate Judge entered an Order recommending the Court dismiss Plaintiff's complaint for failure to state a claim. (Dkt. No. 23). The Magistrate Judge determined Plaintiff's fraud, fraudulent misrepresentation, and fraud in the inducement claims were not plead with particularity to mee the standard of Federal Rule of Civil Procedure 9. (*Id.* at 6, 20). The Magistrate Judge comprehensively analyzed each allegation of fraud. (*Id.* at 6-21). In addition, the Magistrate Judge determined Plaintiff's civil conspiracy, failure to warn, negligence, and wire fraud claims were subject to dismissal. (*Id.* at 21-23). The Magistrate Judge found a separate and independent ground to dismiss the Complaint for failure to prosecute pursuant to Federal Rule of Procedure Rule 41(b) and the factors set forth in *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL

1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff filed objections in this case, and the R & R is reviewed for clear error.

Upon a review of the Magistrate Judge's recommendations, the Court finds the Magistrate Judge comprehensively analyzed Plaintiff's claims to correctly determine dismissal is warranted. The Court warned Plaintiff on several occasions that failure to amend the complaint pursuant to the Court's order could result in dismissal of the case. (Dkt. Nos. 6; 11; 16). Plaintiff missed the deadline to file an amended complaint correcting the pleading deficiencies previously identified to him via Court Orders. Plaintiff's failure to comply with court orders indicates an intent to not prosecute this case and subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a Plaintiff fails to comply with an order of the court); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (court may dismiss *sua sponte*).

Accordingly, this case is dismissed without prejudice. (Dkt. No. 1). The Clerk of Court is instructed to close the file.

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

October 28, 2022
Charleston, South Carolina

3